PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. DEMETRIO MELÉNDEZ, Defendant and Appellant.

No. 4959. Argued January 18, 1934.—Decided March 14, 1934.

324

 

*J. Valldejuli* for appellant. *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

This is an appeal taken by Demetrio Meléndez from a judgment of conviction of the crime of selling adulterated cow's milk.

Demetrio Meléndez and Francisco Rivera were jointly accused of keeping for sale and selling for human consumption cow's milk adulterated with water. The defendants were not assisted by counsel in the court below. When the case was called for trial, the district attorney requested permission from the court to amend the information so as to allege therein that Demetrio Meléndez was a subsequent offender, and his motion was granted. The new averment set forth that Demetrio Meléndez before committing the crime charged was convicted by the District Court of San Juan of the offense of adulterating milk. Then the court, according to the transcript of the evidence, asked the defendants what was their plea, and Francisco Rivera pleaded guilty and Meléndez not guilty.

When the first witness for the prosecution took the stand, the district attorney asked the defendant Demetrio Meléndez what he had to allege as to his having been convicted before of the same offense, whether that was true or not, and the defendant answered that it was true, and hence at the request of the district attorney a plea of guilty was entered as to his former conviction. The judgment in this case sentenced both defendants, Meléndez as a subsequent offender. Meléndez is the appellant herein.

The first ground urged in support of this appeal is that the court allowed the district attorney to amend the information without delivering a copy of the same to the appellant and without giving him an opportunity to defend himself.

The defendant was entitled to receive a copy of the amended information, but the delivery of such copy is not an

essential right and consequently may be waived, as was done in this case when the appellant failed to demand said copy and pleaded guilty as to the former conviction. We copy from 16 C. J. 793, par. 2021, the following:

"*Demand for Service.* The right to a copy of the indictment or information is generally regarded as a privilege which may be waived, and a proper and timely demand for such copy by accused or by his counsel is usually held to be indispensable; otherwise the right thereto will be waived, as where he pleads and goes to trial without demanding, or objecting to a failure of, service; and it has been held that this rule applies even though a constitutional provision secures to defendant the right to have a copy. This demand may or should, in some jurisdictions, be made of the prosecuting attorney in open court, or of the clerk of the court, upon payment of the usual fees."

The second assignment is that the lower court erred in sentencing the defendant without first finding him guilty, the transcript of evidence not showing that this was done in open court. However, from the transcript of record the following, which is a sufficient answer to the alleged error, appears: "The court, as a result of the evidence adduced and considering the law and the jurisprudence applicable to the defendant Demetrio Meléndez, finds both defendants guilty of a violation of section 1 of Act No. 77 of 1925 and sentences..."

The third assignment reads thus:

"In having sentenced the defendant to the excessive penalty of six months in jail and to pay a fine of $500, the evidence not showing beyond a reasonable doubt that the codefendant, Demetrio Meléndez, was an employee or agent of Francisco Rivera."

The information does not charge the appellant with selling adulterated milk as agent of the other defendant, Francisco Rivera, but only that both were selling it; nor does the judgment sentence the appellant as agent of Rivera. Both defendants were sentenced for selling such milk. The evidence for the prosecution showed that the appellant was selling said milk. It was the appellant who attempted to show by his sole testimony that he was selling the milk by reason

of his friendship with Rivera, during the temporary absence of the latter from the stall. Even if the lower court believed this testimony, such fact did not exempt the appellant from liability, because in any event he was selling adulterated milk.

The fourth and last assignment is covered by the preceding one, as it only sets forth that the judgment is contrary to the evidence.

The judgment appealed from must be affirmed.